IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RUSTIN ERIC MAIR,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION REQUESTING CREDIT FOR TIME SERVED IN CUSTODY AS DETAINEE OF FEDERAL OFFENSE WITHOUT PREJUDICE TO ITS REFILING AS A § 2241 PETITION**<br><br>Case No. 2:21-cr-00131-CW<br><br>Judge Clark Waddoups |

Before the Court is Defendant's Motion Requesting Credit for Time Served in Custody as Detainee of Federal Offense. (ECF No. 47.) The Government has submitted a response memorandum. (ECF No. 49.) For the reasons stated below, Defendant's Motion is denied.

## DISCUSSION

Defendant is serving a 33-month federal sentence. He is incarcerated at Phoenix FCI in Arizona. Defendant has written a letter to the Court requesting credit for the time he served in custody prior to his sentencing date. The Court finds that Defendant's Motion attacks the execution of his sentence and should have been filed as a Petition under 28 U.S.C. § 2241. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, . . . in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence."). Section 2241(a) provides that a "[w]rit[] of habeas corpus may be granted by [one of the federal courts] within their respective jurisdictions." The Tenth Circuit has clarified that "a petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and *must be*

*filed in the district where the prisoner is confined.*" *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (emphasis added).  The statute further provides that, if a petition is brought outside of the jurisdiction "wherein the restraint complained of is had," the Court "may transfer the application for hearing and determination to the district court having jurisdiction to entertain it." 28 U.S.C.§ 2241(a)-(b).

In this case, Defendant has filed his request by Motion, rather than by a Petition addressed to the district court in the jurisdiction where he is confined.  Because it was filed as a Motion rather than a Petition, Defendant has not paid the filing fee necessary to file such a Petition, nor has he moved to proceed with a 2241 petition in forma pauperis, and, therefore, there is no Petition to transfer.

## ORDER

Accordingly, it is **ORDERED** that Defendant's Motion Requesting Credit for Time Served in Custody as Detainee of Federal Offense (ECF No. 47.) is **DENIED WITHOUT PREJUDICE** to its refiling as a Petition under U.S.C. § 2241 in the federal district court in the district where he is currently confined.  Defendant is reminded that he must first exhaust his administrative remedies before filing any such petition.

IT IS SO ORDERED.

DATED October 13, 2022.

BY THE COURT:

_____
Clark Waddoups
United States District Judge